**Miguel F. ALCAIN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–71728.**

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2011.*

Filed June 27, 2011.

Bert M. Vega, Esquire, Law Office of Bert M. Vega, Vallejo, CA, for Petitioner.

Mary Jane Candaux, Assistant Director, Aimee J. Frederickson, Trial, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The Honorable James S. Gwin, District Judge for the U.S. District Court for Northern Ohio, Cleveland, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

## MEMORANDUM **

Miguel F. Alcain, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006), and we deny the petition for review.

Substantial evidence supports the BIA's finding that Alcain failed to establish past persecution because the threats he received in the Philippines did not rise to the level of persecution. *See Lim v. INS,* 224 F.3d 929, 936–37 (9th Cir.2000) (threats unaccompanied by additional mistreatment did not amount to persecution). Substantial evidence also supports the BIA's finding that Alcain's fear of future persecution was not objectively reasonable. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003). Accordingly, Alcain's asylum claim fails.

Because Alcain did not meet the lower burden of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye,* 453 F.3d at 1190.

Finally, Alcain failed to challenge the BIA's denial of his CAT claim in his opening brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues in the opening brief not supported by argument are deemed abandoned).

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).